**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

LONNIE JACKSON,                )
                                )
          Plaintiff,     )
                                )
                                )  Case No. CIV-19-419-RAW-KEW
                                )
COMMISSIONER OF THE SOCIAL     )
SECURITY ADMINISTRATION,       )
                                )
          Defendant.     )

**REPORT AND RECOMMENDATION**

Plaintiff Lonnie Jackson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined he was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. § 404.1520.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 48 years old at the time of the ALJ's decision. He has a limited education and worked in the past as a construction worker. Claimant alleges an inability to work beginning on August 1, 2015, due to limitations resulting from depression, alcohol abuse with pancreatitis, bipolar disorder, anxiety, and diabetes mellitus.

### Procedural History

On September 12, 2017, Claimant filed for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq*.) of the Social Security Act. His application was denied initially and upon reconsideration. On October 24, 2018, ALJ

3

Michael Mannes conducted a hearing in McAlester, Oklahoma, at which Claimant testified. On January 28, 2019, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on October 16, 2019, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work, with additional limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error by failing to consider the full opinion of William Mings, M.D., which contained additional limitations contrary to the RFC.

### Consideration of Opinion Evidence

In his decision, the ALJ found Claimant suffered from depression, alcohol abuse with pancreatitis, bipolar disorder, anxiety, and diabetes mellitus. (Tr. 138-39). He determined Claimant could perform light work, except he was to avoid even moderate exposure to unprotected heights and unprotected moving mechanical parts and machinery. Claimant could perform simple,

4

routine tasks with routine supervision, occasional interaction with co-workers and supervisors, but he was to avoid contact with the general public. He could adapt to changes in a routine work setting and time off would be accommodated by normal work breaks. (Tr. 140).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of inspector/hand packager, bakery racker, and small product assembler, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 144). As a result, the ALJ concluded Claimant was not under a disability from September 12, 2017, the date the application was filed. (Tr. 144).

Claimant contends the ALJ failed to account for Dr. Mings's finding that Claimant would miss approximately three or more days per month of work in the RFC. He further argues that in finding Dr. Mings's opinion "somewhat persuasive," his statement that Dr. Mings failed to consider the effects of Claimant's alcohol abuse and cessation is contrary to the evidence.

The record establishes that Dr. Mings examined Claimant on September 29, 2017. Claimant reported he had been sober for 74 days and was still attending AA meetings. His mood and appetite were good. His concentration was good enough to drive. His mood was assessed as stable and affect was congruent. His associations were intact and abnormal or psychotic thoughts were absent.

5

Claimant's judgment and impulse control was intact and insight was fair. He was oriented to person, place, time, and situation. Claimant's fund of knowledge was fair. Claimant was compliant with his medication use and substance abuse was indicated as not a problem. (Tr. 141, 851-52).

On that same date, Dr. Mings completed a medical opinion regarding Claimant's absences from work. He noted Claimant would be absent from work "about three (3+) or more days per month[,]" and "mood swings due to depressive disorder, alcohol dependence – in remission, amphetamine dependence – in remission, and opioid dependence – in remission" would contribute to his absences. Dr. Mings also completed a medical opinion regarding unskilled work requirements. He found Claimant could not maintain concentration and attention for extended periods in a routine work setting and that Claimant could not be expected to attend any employment on a sustained basis. Dr. Mings noted there was no evidence of drug and/or alcohol use, stating as support that Claimant had abstained from alcohol use for 74 days and had not used street drugs for 24 years. (Tr. 1035).

Dr. Mings further completed a mental RFC questionnaire. Although he noted Claimant was not currently depressed, he was suffering moderate anxiety and decreased sleep. Claimant's prognosis was judged as fair. When identifying Claimant's "signs and symptoms," Dr. Mings checked substance dependence and added a

notation that it was "in remission." Regarding Claimant's mental abilities and aptitudes needed to do unskilled work, Dr. Mings determined there were several areas in which Claimant was "limited but satisfactory," but there were a handful of areas wherein he determined Claimant was "seriously limited, but not precluded." The areas of serious limitation included maintaining regular attendance and being punctual within customary, usually strict tolerances, completing a normal workday and workweek without interruptions from psychologically based symptoms, and performing at a consistent pace without an unreasonable number and length of rest periods. He estimated Claimant's impairment or treatment would cause him to be absent from work more than four days per month. Dr. Mings determined that Claimant's alcohol and substance abuse currently did not contribute to any of his limitations. (Tr. 1036-1040).

Because Claimant filed his claims after March 27, 2017, the medical opinion evidence in the case is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, he must "articulate" in his decision "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record" by considering a list of factors.

7

20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors include: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors are supportability and consistency, and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. *Id*. However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The ALJ discussed Dr. Mings's opinion in the decision, concluding it was "somewhat persuasive." The ALJ made the following findings regarding supportability and consistency:

> Dr. Mings opined that the claimant would be unable to concentrate for extended periods in a routine work setting. This is unsupported by and inconsistent with the repeated findings of good concentration on exam. He also opined that the claimant would have difficulty attending to any employment on a sustained basis. This is inconsistent with and unsupported by the claimant's activities of daily living such as riding a four wheeler, hunt[ing], and fishing as well as findings on exam that include normal memory and good concentration. He also failed to consider the effects of alcohol abuse and cessation.

(Tr. 142).

This Court finds there is no error in the ALJ's analysis of Dr. Mings's opinion. Although the ALJ did not specifically mention Dr. Mings's opinion that Claimant would miss three or more days of work per month in the persuasion analysis, the ALJ did discuss Dr. Mings's finding that Claimant would have difficulty attending to any employment on a sustained basis, *i.e.*, the ability to perform work for eight hours a day and five days a week. As Defendant argues, this overarching limitation encompasses the other limitations related to attendance, including the limitation that Claimant would probably miss work three or more days per month. There is no error.

Further, any error by the ALJ regarding the ALJ's determination that Dr. Mings failed to consider the effects of alcohol and cessation is harmless. *See generally*, *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (applying harmless-error analysis when "based on material the ALJ did at least

consider (just not properly), we could confidently say that no reasonable administrative fact finder, following the correct analysis, could have resolved the factual matter in any other way."). The record reveals that Dr. Mings did consider Claimant's alcohol and drug use, but he determined there was no evidence of drug or alcohol use, Claimant's substance dependence was in remission, and that Claimant's alcohol or substance abuse currently did not contribute to Claimant's limitations. The other evidence of record, however, establishes the error as harmless because the ALJ found the opinions of the state agency psychologists "persuasive," including their determination that Claimant's functioning was affected by his drinking and improved when he stopped. (Tr. 142, 230, 247). The ALJ also mentioned in his discussion of the evidence regarding Claimant's alcohol abuse with pancreatitis that Claimant had periods when he was sober for extended periods and during those times, he was described as doing well with cessation. (Tr. 141). Even Claimant's own testimony at the administrative hearing in October of 2018 shows that he had recently used alcohol and marijuana. (Tr. 189-90).

The Court finds the RFC adopted by the ALJ was supported by substantial evidence and those limitations found to exist by the ALJ were included in his hypothetical question to the VE. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (finding an ALJ's hypothetical questioning of the VE provided an appropriate

basis for a denial of benefits because the question "included all the limitations the ALJ ultimately included in his RFC assessment."), citing *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993).

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE